DA 08-0417

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 230N

IN RE THE MARRIAGE OF
HENRY D. WEBSTER,

      Petitioner and Appellant,

  and

PATRICIA R. WEBSTER,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 04-0556
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeanne M. Walker; Hagen & Walker, PLLC; Billings, Montana

      For Appellee:

          Paula Saye-Dooper; Saye Law, PLLC; Billings, Montana

Submitted on Briefs:  June 3, 2009

Decided:  July 8, 2009

Filed:

          _____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Henry D. Webster and Patricia R. Webster were divorced by a final decree of dissolution of marriage entered in June 2004.  The final decree ordered Henry to pay Patricia $750 per month for maintenance.

¶3      In 2008, Henry filed a motion to modify the decree and to reduce his monthly maintenance obligation from $750 to $250.  Following a hearing on the motion, the District Court reduced Henry's monthly maintenance obligation from $750 to $375.

¶4      Henry appealed the District Court's decision on the sole issue of whether it erred in reducing his maintenance payment to $375 instead of $250, as he requested in the motion to modify maintenance.  However, because the District Court did not provide this Court with findings of fact and conclusions of law, we were unable to adequately review its decision to reduce Henry's maintenance obligation to $375 per month.  Accordingly, we remanded this matter to the District Court and requested that it enter appropriate findings of fact and conclusions of law.

¶5      On June 3, 2009, the District Court filed its Findings of Fact, Conclusions of Law, and Order.  The District Court found that Patricia has been permanently committed to a

2

nursing home since the time of the divorce decree and that her stay is primarily funded by Medicaid/Medicare. It also found that Henry, who is 71 years old, would like to retire and that he receives $2,389 per moth in a civil service annuity, $139 per month in Social Security benefits, and works part-time as a bus driver for $10.30 per hour. Citing § 40-4-208(2)(b)(i), MCA, the District Court concluded the following:

> Henry has met his burden of showing changed circumstances of a substantial and continuing nature so as to make the original $750 unconscionable due to the fact he is now 71, is at retirement age and wishes to retire, has limited income, and, most importantly, Patricia is now in a nursing home which can be funded by Medicaid/Medicare.

Despite concluding that Henry had demonstrated changed circumstances, the District Court nevertheless determined that Henry had some obligation to continue to support Patricia and that $375 per month was fair and equitable under the circumstances. We agree.

¶6 Maintenance awards are within the broad discretion of the district court. *In re Marriage of Schmieding*, 2003 MT 246, ¶ 20, 317 Mont. 320, 77 P.3d 216. We will not disturb a maintenance award provided that the award is based upon substantial evidence and exhibits no clear abuse of discretion. *Schmieding*, ¶ 20. Maintenance awards may be modified "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Section 40-4-208(2)(b)(i), MCA.

¶7 Upon reviewing the record and the District Court's June 3, 2009 order, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the briefs and the record before us that the District Court did not err in the

disposition of this matter. The District Court's findings were not clearly erroneous nor were its conclusions incorrect. The District Court concluded that Henry demonstrated changed circumstances pursuant to § 40-4-208(2)(b)(i), MCA. It also concluded that Henry must continue to support Patricia to some degree. The District Court did not err in ordering Henry to pay $375 per month in maintenance.

¶8 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS